WALLINGFORD v. AIKEN.

1. CHATTEL MORTGAGE—FORFEITURE—PARTIAL PAYMENT by mortgagor to mortgagee after condition broken, in a chattel mortgage, is not a waiver of the forfeiture, and does not revest title in the mortgagor.

Before WATTS, J., Abbeville, December, 1894.

Action for claim and delivery by Sam Wallingford and Louis H. Russell, partners as Wallingford & Russell, against A. M. Aiken.

*Messrs. Graydon & Graydon,* for appellant.

*Messrs. Parker & McGowan,* contra.

July 12, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. Marshall Carter, in February, 1890, gave his note to the plaintiffs for $150, due on the 1st November, 1890, and made his mortgage to them to secure said debt, including in said mortgage a mule named Mike. This mortgage was duly recorded. After the condition of the mortgage had been broken, the said Carter as mortgagor made several payments on the mortgage debt to the plaintiffs as mortgagees, but still left a considerable part of the mortgage debt unpaid. Carter sold the mule to Aiken after the breach of the mortgage held by plaintiffs. Plaintiffs demanded of Aiken that the mule "Mike" be turned over to them under their unsatisfied mortgage. This demand was refused by Aiken, the defendant. Whereupon the plaintiffs instituted in the Court of Common Pleas for Abbeville County an action for claim and delivery, setting out in the complaint the foregoing facts. When the cause was called for trial before his honor, Judge Watts, and after the complaint had been read, the defendant interposed an oral demurrer on the ground that it did not state facts sufficient to constitute a cause of action—in this, that the complaint showed on its face that the plaintiffs had accepted part payment on the debt secured by the mortgage, had extended the time of payment, and had thereby shown their intention to waive the

forfeiture, and that the lien of the mortgage was thereby discharged.    After argument of counsel, Judge Watts overruled the demurrer and the defendant gave notice of appeal, and the action was continued pending such appeal.

The grounds of appeal, two in number, present as error the overruling the demurrer on the ground that a partial payment of a mortgage debt by the mortgagees of the mortgagor after the condition of their mortgage has been broken, revests the title in the mortgaged property in the mortgagor, divested of the lien of the mortgage.    Reliance on the case of *Summer* v. *Kelly*, 38 S. C., 507, was heard before the Circuit Judge as the support of the defendant's demurrer. Since the decisions of *State* v. *Rice*, 43 S. C., 204, and *Hale* v. *Utsey, ante*, 393, that support is denied the appellants.    But the appellants take the broad ground before us, that independent of and apart from the case of *Summer* v. *Kelly, supra,* it is an open question in this State, that the partial payment of a mortgage debt after condition broken will revest the title to mortgaged personal property in the mortgagor.    We cannot think such has ever been the law in this State.    No case can be cited decided within our State borders, that gives support to such a doctrine. Indeed, the current of our State decisions runs directly to the contrary.    The appeal must be dismissed.

It is the judgment of this court, that the order appealed from be sustained and the appeal therefrom be dismissed, and the cause is remanded to the Circuit Court for trial.